**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.:

HISCOX, INC.,

        Plaintiff,

v.

INTEGRA REALTY RESOURCES, INC., RAYMOND VEAL, AND REALTY VALUATION ADVISORS, INC.,

        Defendants.

**COMPLAINT FOR DECLARATORY RELIEF**

Hiscox, Inc. ("Hiscox"), through its counsel, Gordon Rees Scully Mansukhani, LLP, submits its Complaint for Declaratory Relief against the above-captioned Defendants and states as follows:

**JURISDICTION, VENUE, AND PARTIES**

1. At all pertinent times, Hiscox, Inc. was and is a New York corporation with its principal place of business at 520 Madison Avenue 32nd Floor, New York, NY 10022.

2. Integra Realty Resources, Inc. ("Integra") is a Delaware corporation with its principal place of business at 7800 E. Union Avenue, Suite 400, Denver, Colorado 80237.

3. Raymond Veal ("Veal") is domiciled in Florida and resides at 7016 Pelican Island Drive, Tampa, Florida 33634, and at all pertinent times was and is an employee of Realty Valuation Advisors, Inc.

4. Realty Valuation Advisors, Inc. ("Realty") is a Florida corporation with its

principal place of business at 555 N. Reo Street, Suite 220, Tampa, Florida 33609.

5.  This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) and (c)(1). Plaintiff and Defendants are citizens of different states. The amount in controversy exceeds $75,000, exclusive of interest and costs of suit as Defendants claim the defense will exceed this amount.

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Hiscox's alleged duties to defend are situated in this Judicial District, where Integra is located and where the subject insurance policy was delivered, and from where the notice of the subject claim was submitted by Integra's General Counsel on behalf of Veal and Realty.

7.  This Court has authority to declare the rights and obligations of the parties under the terms and provisions of the insurance policy at issue in this lawsuit, as provided by 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

8.  Defendants provide real estate appraisal services.

9.  Hiscox issued a Professional Liability Certificate Number MPL1531199.20 to Integra as Named Insured and to Realty as a Named Insured by endorsement, with a policy period of March 14, 2020 to March 14, 2022 ("the Policy").

10. The Internal Revenue Service ("IRS") advised Veal that the IRS was investigating whether Internal Revenue Code Section 6695A applied to appraisals he had prepared on behalf of taxpayers for 2016 tax year filings to determine whether a penalty might be appropriate.

11. The IRS has issued additional notices of investigations related to other tax years. All such IRS notices are collectively referred to as the "IRS Notices," and the IRS investigation

conducted as indicated by the IRS Notices is referred to as the "IRS Investigation."

12. Integra requested of Hiscox that counsel of Integra's choice be hired by Hiscox to assist with the Defendants' response to the IRS Investigation.

13. Hiscox has provided counsel for Defendants subject to a reservations of rights under the Policy.

14. There is an actual controversy regarding whether Hiscox is responsible under the Policy for Defendants' attorneys' fees related to the IRS Investigation.

15. This dispute is ripe for judicial determination. Any preconditions to the assertion of this action by Hiscox have been met.

16. Colorado law controls any coverage determinations concerning the Policy.

17. Hiscox asserts herein only its presently known claims, and therefore, respectfully reserves the right to amend its Complaint for Declaratory Judgment to add, delete, or modify its claims as may be warranted in the future as more information is disclosed or obtained through discovery or otherwise.

18. Hiscox does not waive any terms, conditions, exclusions, or limitations contained in the Policy that may apply to exclude coverage.

## THE HISCOX POLICY

19. The Policy provides that Covered Professional Services under the Policy are solely in the performance of services as a real estate appraiser, of non-owned properties, for others for a fee.

20. The Policy further provides:

**We** will pay up to the **coverage part limit** for **damages** and **claim expenses** in

excess of the **retention** for covered **claims** against **you** alleging a negligent act, error, or omission in **your professional services** performed on or after the **retroactive date,** including but not limited to:

1. breach of any duty of care;

2. negligent misstatement or negligent misrepresentation;

3. **third party discrimination;** or

4. **personal and advertising injury,**

provided the **claim** is first made against **you** during the **policy period** and is reported to **us** in accordance with Section V. Your obligations.

21. The Policy states, "We have the right and duty to defend any covered **claim,** even if such **claim** is groundless, false, or fraudulent."

22. The Policy defines "claim" as "any written assertion of liability or any written demand for financial compensation or nonmonetary relief."

### COUNT I – DECLARATORY JUDGMENT – COVERAGE FOR THE DEFENSE OF THE IRS INVESTIGATION IS UNAVAILABLE BECAUSE A GOVERNMENTAL INVESTIGATION IS NOT A CLAIM

23. Hiscox incorporates by reference the allegations of Paragraphs 1 through 22 of this Complaint as fully set forth herein.

24. Coverage for the defense of the IRS Investigation is unavailable because the IRS Notices do not qualify as a claim under the Policy.

25. The IRS Notices did not allege that Defendants were liable for any act.

26. The IRS Notices did not demand financial compensation or nonmonetary relief from Defendants.

27. The IRS Notices did not allege Defendants engaged in a negligent act, error, or omission in their professional services.

28. Accordingly, Hiscox seeks a declaration that it has no obligation under the Policy to provide coverage for Defendants' attorneys' fees related to the IRS Investigation.

WHEREFORE, Hiscox, Inc. respectfully prays for a speedy hearing in accordance with Fed. R. Civ. P. 57 and a declaratory judgment pursuant to the authority set forth in Rule 57 and 28 U.S.C. sections 2201 and 2202 adjudging and determining the rights and obligations of the parties under the Policy including that the Policy does not afford coverage to the above-captioned Defendants in relation to the IRS Investigation, and for all such other and further relief as equity and the justice of the cause may require and permit, including as appropriate, awards of interest, costs, and reasonable attorneys' fees.

Respectfully submitted this 12th day of May, 2023.

        **GORDON REES SCULLY MANSUKHANI, LLP**

        *s/ Andrew K. Lavin*
        Andrew K. Lavin
        Marilyn S. Chappell
        555 Seventeenth Street, Ste. 3400
        Denver, Colorado 80202
        (303) 534-5160
        alavin@grsm.com
        mchappell@grsm.com

        ATTORNEYS FOR PLAINTIFF

Address of Plaintiff:

520 Madison Avenue 32nd Floor
New York, NY 10022